SAM HOUSTON HOTEL,
L.P., Appellant

v.

MOCKINGBIRD RESTAURANT,
INC. and S.H. Riviera Grill,
Inc., Appellees.

No. 14–04–01157–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 28, 2006.

Shahin Jamea, Houston, for appellants.

Michael Duncan, Houston, for appellees.

Panel consists of Justices ANDERSON, EDELMAN, and FROST.

## OPINION

RICHARD H. EDELMAN, Justice.

In this lease dispute, Sam Houston Hotel, L.P. ("Sam Houston") appeals a take-

nothing judgment entered in favor of Mockingbird Restaurant, Inc. ("Mockingbird") on the grounds that the trial court erred by: (1) failing to find Mockingbird liable under a lease agreement; and (2) finding the lease agreement, as amended, ambiguous. We affirm.

After a bench trial on its claims for breach of a lease agreement, Sam Houston was granted judgment against S.H. Riviera Grill, Inc., but denied recovery against Mockingbird. On appeal, Sam Houston seeks to reverse the take-nothing judgment based on the meaning and legal effect of two lease agreements. However, Sam Houston made no arrangements to provide this court with a reporter's record from the trial.

Unless an appellant arranges for the filing of a complete reporter's record (or partial reporter's record and accompanying statement of issues),[1] we must presume that the proceedings support the trial court's judgment. *See Bennett v. Cochran*, 96 S.W.3d 227, 229 (Tex.2002); *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex.1990). Sam Houston argues that a reporter's record is not necessary to its appeal of questions of law that do not require a reference to the evidence. *See Segrest v. Segrest*, 649 S.W.2d 610, 611 (Tex.1983). However, in *Segrest*, a reporter's record was not necessary because the suit was for a declaratory judgment on the validity and enforceability of a divorce decree and involved only questions of law pertaining to the decree. *Id.* By contrast, Sam Houston's issues in this case require reference to the evidence that was admitted at trial. Because we have no record of what that evidence consisted of, we have no basis to review the trial court's decisions based on that evidence.

On January 20, 2005, this court notified Sam Houston that the reporter's record had not been filed in this case, and that, unless Sam Houston made arrangements to pay for such a record, this court would consider and decide only those issues not requiring a reporter's record. *See* TEX. R.APP. P. 37.3(c). Because Sam Houston did not elect to file a reporter's record, its two issues challenging the trial court's decisions based on the proceedings at trial afford no basis for relief. Accordingly, they are overruled.

Mockingbird contends that Sam Houston should be subject to sanctions for failing to file a reporter's record and for mischaracterizing the evidence presented at trial. *See* TEX.R.APP. P. 45. However, the fact that Sam Houston neglected to provide a sufficient record for us to address its issues does not render its appeal frivolous. Similarly, in the absence of a reporter's record, a sufficient basis does not exist to properly evaluate whether the evidence has been mischaracterized. Therefore, we decline to impose sanctions against Sam Houston, and affirm the judgment of the trial court.