Affirmed and Memorandum Opinion filed October 5, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00344-CV



Michael C.
Scally, M.D., Appellant 

v.

Toni Suzanne
Scally, Appellee 



On Appeal from
the 312th District Court

Harris County, Texas

Trial Court
Cause No. 1990-01012B



 

MEMORANDUM OPINION

This is an appeal from an award of attorney’s fees
and attorney/guardian ad litem’s fees to appellees, Joseph Indelicato and
Daniel J. Lemkuil.  In seven issues, appellant, Michael C. Scally, contends the
trial court erred by awarding attorney’s and attorney/guardian ad litem’s fees
to appellees.  

Factual and Procedural Background

                The
trial court appointed Daniel Lemkuil as an attorney/guardian ad litem for
appellant’s three children in a suit between appellant and his ex-wife. 
Lemkuil retained Joseph Indelicato to aid him in obtaining attorney/guardian ad
litem’s fees from appellant.  Eventually, the trial court severed Lemkuil’s
claim for fees from the suit between appellant and his ex-wife.[1]  On
December 15, 2008, the trial court held a bench trial on the issue of Lemkuil’s
and now Indelicato’s fees.[2] 
The trial court awarded Lemkuil and Indelicato their requested fees.  Appellant
appeals from the judgment awarding appellees their fees.        

Discussion

I.         Standard of Review

            Appellant
chose not to bring forward the reporter’s record in this case because, as he
explained, the issues relate solely to matters that appear on the face of the
judgment and in the clerk’s record.  Because appellant failed to bring forth a
reporter’s record or a partial reporter’s record under Rule 34.6(c) of the
Texas Rules of Appellate Procedure, we presume the proceedings support the
trial court’s judgment.  Sam Houston Hotel, L.P. v. Mockingbird Rest., Inc.,
191 S.W.3d 720, 721 (Tex. App.—Houston [14th Dist.] 2006, no pet.).   

II.        Analysis

            A.        Lack
of pleadings  

            In
appellant’s first issue, he argues the clerk’s record contains no pleadings
requesting attorney’s fees or attorney/guardian ad litem’s fees and, therefore,
there can be no judgment on fees in favor of appellees.  Orginally, the
appellate record did not contain a request for attorney’s fees or attorney/guardian
ad litem’s fees.  However, this court determined the motion requesting fees had
been omitted from the clerk’s record.  This court ordered a supplemental record
containing the omitted item.  Tex. R. App. P. 34.5(c).  Thus, the
“Attorney/Guardian Ad Litem’s First Amended Original Answer In Suit Affecting
The Parent-Child Relationship”—containing a request for attorney’s fees and
guardian ad litem’s fees—is now a part of the appellate record.  Tex. R. App. P.
34.5(c)(3).  Therefore, appellant’s contention is without merit.  Accordingly,
we overrule appellant’s first issue.  

            B.        Fees
“as necessaries for the children”

            In
issues two through five, appellant contends the trial court erred in its
characterization of attorney/guardian ad litem’s fees, attorney’s fees, and
prejudgment interest as necessaries for the children.  Attorney’s fees rendered
in a suit affecting the parent-child relationship may be awarded as
“necessaries” to the children.  London v. London, 94 S.W.3d 139, 146
(Tex. App.—Houston [14th Dist.] 2002, no pet.).  We review an award of
attorney’s fees in the nature of child support for an abuse of discretion.  See
Hardin v. Hardin, 161 S.W.3d 14, 24–25 (Tex. App.—Houston [14th Dist.]
2004, pet. granted, judgm’t vacated w.r.m.).  

Because
we have no record of what evidence was presented at trial, we have no basis to
review the trial court’s decisions based on that evidence.  See Sam Houston
Hotel, 191 S.W.3d at 721.  We thus presume the proceedings support the
trial court’ judgment.  Id.  Consequently, we conclude the trial court did
not abuse its discretion.  Accordingly, issues two through five, regarding the
award of necessaries, are overruled.      

            C.        Prejudgment
Interest on Attorney’s Fees and Payment by Date Certain

            In
his sixth issue, appellant argues the trial court erred by awarding prejudgment
interest on attorney’s fees.  In his seventh issue, appellant contends the
trial court abused its discretion by requiring appellant to pay attorney’s fees
by a date certain in the event of an unsuccessful appeal.  Based upon the
record provided to this court, appellant never objected at the trial court
level.  Consequently, appellant failed to preserve the error.  The issues are
waived.  See Tex. R. App. P. 33.1(a); Willis v. Willis, 826
S.W.2d 700, 702 (Tex. App.—Houston [14th Dist.] 1992, no writ) (failure to
preserve objection to the trial judgment creates waiver on appeal). 
Appellant’s sixth and seventh issues are overruled.    

Conclusion

            We
affirm the trial court’s judgment.  

 









                                                                            


                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

 

 

 

Panel consists of Justices Anderson, Frost,
and Seymore.

 

 









[1]
Although the case was granted a new cause number, the style of the case
remained the same, Scally v. Scally.  





[2]
A record was made of the bench trial; however, appellant chose not to submit it
on appeal because he contends all his issues are questions of law, which, he
asserts can be determined without the reporter’s record.