Affirmed and Memorandum Opinion filed December 2, 2010.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-10-00248-CV



 

Dennis Laviage and Cynthia
Laviage, Appellants

V.

Champion Landscape Supplies,
Inc, Appellee

 



On Appeal from the County Civil
Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 941218



 

MEMORANDUM  OPINION

 

In this contract dispute, appellants Dennis and
Cynthia Laviage appeal a judgment entered in favor of Champion Landscape
Supplies, Inc.  In two issues, appellants contend the trial court erred in (1)
finding they breached a contract with appellee, and (2) awarding attorney’s
fees because appellants did not breach a contract.  We affirm.

Background

Appellee filed suit against appellants for breach of
a contract to provide landscape services.  Appellee alleged it entered into a
contract to provide services to appellants; it performed under the contract,
but appellants refused to pay for services rendered under the contract. 
Appellee alleged that appellants owed $11,890 on the landscape contract.  Appellee
requested attorney’s fees pursuant to chapter 38 of the Texas Civil Practice
and Remedies Code.  Appellants answered appellee’s suit and filed a counterclaim
for breach of contract alleging that appellee did not fully perform under the
contract.  

A bench trial was held at which the court considered
exhibits from both parties and testimony from appellee’s representative,
appellee’s attorney, and appellant Dennis Laviage.  The trial court entered
findings of fact in which it found:

A.        Defendants [appellants] own the real property and
improvements located at [address omitted] (hereafter, “the Property”).

 

B.        On or about February, 2008, Defendants hired
Champion Landscape Supplies, Inc. to provide certain landscaping services to
improve the Property.

 

C.        At Defendants’ request, Champion Landscape
Supplies, Inc. subsequently provided all of the requested services and/or
materials to improve the Property.

 

D.        Upon completion of the job on April 28, 2008,
Champion Landscape Supplies, Inc. sent Defendants the invoice attached hereto
as Exhibit “A.” Payment was due upon receipt.

 

E.         Defendants had requested and/or approved of all
services and/or materials as described on Exhibit “A.”  The amounts charged by
Plaintiff for those items were approved by Defendants and/or were the customary
charge for those services and/or materials.

 

F.         Notwithstanding the foregoing, Defendants have
failed and refused to pay for the labor and materials provided despite repeated
requests to do so.

 

G.        On or about May 8, 2008, Champion Landscape
Supplies, Inc. sent a written notice of default and demand for payment to
Defendants via certified mail, return receipt requested and first class mail.  Defendants
received that written demand on May 9, 2008.

 

H.        Notwithstanding, Defendants have failed and
refused to pay their past due account balance owed to Plaintiff.

 

I.          After the application of all payments, offsets
and credits to which Defendants are entitled, Plaintiff is still owed the
following from Defendants:

            Total Balance Owed            $ 22,890.00

            Less: Payment 1                   <
8,000.00>

            TOTAL                                   $
14.890.00

plus interest, attorney fees, and court costs.

 

J.         All conditions precedent have occurred, have
been performed or have been waived.

 

K.        Prejudgment interest at 18% per annum on damages
of $14,890.00 from April 28, 2008 through date of trial, November 16, 2009, is
$4,179.45.

 

L.         Plaintiff incurred and paid reasonable and
necessary attorney fees of $5,194.46 in order to bring this claim.

 

After having considered all of the above evidence,
the court made the following conclusions of law:

A.        This court has personal jurisdiction over
Defendants in that they resided and/or conducted business in Harris County, Texas
at all times material to this lawsuit.

 

B.        Harris County, Texas is proper venue for this
lawsuit because all or a substantial part of the events or omissions giving
rise to this lawsuit occurred in Harris County, Texas.

 

C.        Defendants breached their contract with Plaintiff
which proximately caused damages to Plaintiff of $14,890.00.

 

D.        Per Tex. Prop. Code §28.004, Plaintiff is
entitled to recover pre-judgment interest of 18% per annum from date of job
completion, April 28, 2008, through date of judgment.

 

E.         Plaintiff is entitled to recover $14,890.00 in
damages from Defendants, plus pre-judgment interest of $4,179.45. plus
reasonable and necessary attorney fees of $5,193.46, plus court costs, plus
post judgment interest from November 16, 2009 until paid of [sic] at the rate
of 18.00% per annum.

 

Analysis

In two issues, appellants challenge the trial court’s
findings alleging they did not breach the contract, nor are they liable for
attorney’s fees.  Appellants, however, failed to file a reporter’s record from
the bench trial.  Unless an appellant arranges for the filing of a complete
reporter’s record (or partial reporter’s record and accompanying statement of
issues),[1]
we must presume that the proceedings support the trial court’s judgment.  See
Bennett v. Cochran, 96 S.W.3d 227, 229 (Tex.2002); Sam Houston Hotel,
L.P. v. Mockingbird Restaurant, Inc., 191 S.W.3d 720, 721 (Tex.
App.—Houston [14th Dist.] 2006, no pet.).  Appellants’ issues in this case
require reference to the evidence and testimony that was admitted at trial.  Because
we have no record of what that evidence consisted of, we have no basis to
review the trial court’s decisions based on that evidence.

On July 8, 2010, this court notified appellants that
the reporter’s record had not been filed, and that, unless appellants made
arrangements to pay for the record, this court would consider and decide only
those issues not requiring a reporter’s record.  See Tex. R. App. P.
37.3(c).[2] 
Because appellants did not elect to file a reporter’s record, their two issues
challenging the trial court’s decisions based on the proceedings at trial
afford no basis for relief.  Accordingly, the issues are overruled.

            The judgment of the trial court
is affirmed.

 

 

                                                                        PER
CURIAM

 

 

 

Panel consists of Justices Anderson, Frost, and Brown.

 









[1]
See Tex. R. App. P. 34.6(c).





[2]
Appellants attached several documents, presumably from trial, as an appendix to
their brief.  An appellate court cannot consider documents attached to briefs
that do not appear in the appellate record.  Mitchison v. Houston Indep.
Sch. Dist., 803 S.W.2d 769, 771 (Tex. App.—Houston [14th Dist.] 1991, writ
denied.