Affirmed and Memorandum Opinion filed December 23, 2010.



 



 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-10-00083-CV



 

Cyril OKEY Chukwurah, Appellant

V.

Lone Star Attorney Services,
Inc., Appellee

 



On Appeal from the 269th
District Court

Harris County, Texas

Trial Court Cause No. 2008-73665



 

MEMORANDUM  OPINION

 

In this appeal from a suit on a sworn account, Cyril
Okey Chukwurah appeals a judgment in favor of Lone Star Attorney Services,
Inc.  In a single issue, appellant contends the trial court erred by proceeding
with a bench trial after having been informed of error and defects in
appellee’s pleadings.  We affirm.

Background

On December 12, 2008, appellee Lone Star Attorney
Services filed suit on a sworn account in which it alleged that appellant owed
$2,459.50 for services rendered by appellee.  Attached to appellee’s petition
was a verification by its manager and 34 invoices for service of subpoenas,
summons, and citations requested by appellant.  Appellee’s petition complies
with Texas Rule of Civil Procedure 185.  Appellant failed to file a sworn
denial of the account, but, on December 22, 2008, filed a general denial.  Approximately
10 months later, on September 29, 2009, appellant filed a counterclaim in which
he asserted his dissatisfaction with appellee’s services.

On January 4, 2010, the day of trial, appellant filed
special exceptions to appellee’s petition.  Appellant alleged (1) he was not
liable as an individual for the services performed by appellee; (2) the
pleadings for damages were not specific; (3) the consideration on the agreement
failed; and (4) there was no contractual agreement.  After holding a bench
trial, the trial court entered the following findings of fact and conclusions
of law:

·       
In the usual course of business, Plaintiff sold and delivered to
Defendant certain goods or services, as evidenced by the statement of account
attached to Plaintiff’s original petition on file herein.

·       
The statement of account accurately describes each item of goods
or services delivered by Plaintiff to Defendant, the price of each such item,
and the delivery date of each such item, as evidenced by the statement of
account attached to Plaintiff’s original petition on file herein.

·       
The price for each item of goods or services was the usual and
customary price for similar items as evidenced by the statement of account
attached to Plaintiff’s original petition on file herein.

·       
The above-described account has not been paid, as evidenced by
the statement of account attached to Plaintiff’s original petition on file
herein.

·       
The claim attached as Exhibit A to Plaintiff’s original petition
totaling $2,459.50 is within the personal knowledge of the affiant, is just and
true, and is due by Defendant to Plaintiff and that all just and lawful
offsets, payments, and credits to this account have been allowed.

·       
These records show that a total principal balance of $2,459.50, exclusive
of interest, is due and payable by Cyril Okey Chukwurah, Defendant, to Lone
Star Attorney Service, Inc., Plaintiff, and demand for payment was made more
than thirty days ago.

 

Analysis

In a single issue, appellant asserts the trial court
erred in proceeding to trial after having been informed of the errors and
defects in appellee’s pleadings.  Appellant, however, failed to file a
reporter’s record from the bench trial.  Unless an appellant arranges for the
filing of a complete reporter’s record (or partial reporter’s record and
accompanying statement of issues),[1]
we must presume that the proceedings support the trial court’s judgment.  See
Bennett v. Cochran, 96 S.W.3d 227, 229 (Tex.2002); Sam Houston Hotel,
L.P. v. Mockingbird Restaurant, Inc., 191 S.W.3d 720, 721 (Tex.
App.—Houston [14th Dist.] 2006, no pet.).  Although appellant framed his issue
in terms of the ruling on his special exceptions, his issue requires reference
to the evidence and testimony that was admitted at trial.  Appellant filed his
special exceptions on the day of trial.  Presumably, the trial court ruled on
the special exceptions the day of trial.  Despite framing his issue in terms of
the special exceptions, appellant’s argument primarily challenges the existence
of a contract between the parties and the quality of the services he was
provided.  Because we have no record of the evidence at trial, we have no basis
to review the trial court’s decisions based on that evidence.

On May 6, 2010, this court notified appellant that
the reporter’s record had not been filed, and that, unless appellant made
arrangements to pay for the record, this court would consider and decide only
those issues not requiring a reporter’s record.  See Tex. R. App. P.
37.3(c).  Because appellant did not elect to file a reporter’s record, his
issue challenging the trial court’s decisions based on the proceedings at trial
affords no basis for relief.  Accordingly, the issue is overruled.

 

            The judgment of the trial court
is affirmed.

 

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Chief Justice Hedges and Justices Yates and
Seymore.

 









[1]
See Tex. R. App. P. 34.6(c).