Affirmed and Memorandum Opinion filed March 3, 2011.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-10-00058-CV



 

RAFAEL PEREZ, Appellant

V.

SPRING BRANCH INDEPENDENT SCHOOL DISTRICT, Appellee

 



On Appeal from the 127th
District Court

Harris County, Texas

Trial Court Cause No. 2006-75319



 

MEMORANDUM   OPINION

            This case arises
from an employment dispute.  Rafael Perez was an assistant principal employed
by Spring Branch Independent School District (“the District”) for almost two
years.  In June of 2006, after Perez was placed on administrative leave, he
resigned.  Perez then filed suit alleging discrimination, disability,
retaliation, and harassment.  Perez, who is pro se, brings this appeal
from the trial court’s take-nothing judgment.




 

I.  Background

            Perez
was hired by the District as an assistant principal at Spring Shadows
Elementary School for the 2004-05 school year.  The principal of that school
was Winona Emerson.  Emerson prepared a “growth plan” for Perez focusing on his
problems with interpersonal relations skills.  At the end of the school year,
Perez was transferred to Shadow Oaks Elementary School for the following year. 


            Perez’s
performance did not meet the expectations of his new principal, Julie
Baggerly.  Despite numerous conferences and an updated growth plan, Perez’s
performance did not improve.  On October 21, 2005, Perez and Baggerly were
involved in a verbal confrontation.  As a result, Perez was placed on
administrative leave with pay.  Baggerly recommended that Perez’s contract with
the District not be renewed.  Perez was notified of the recommendation and
advised of his right to request a hearing to challenge the recommendation. 
Perez requested a hearing before an independent hearing examiner assigned by
the Texas Education Agency, and the hearing was scheduled for June 12, 2006. 
On June 9, 2006, before the hearing, Perez resigned his employment.  His
resignation was accepted, and the hearing was cancelled.  Perez then filed the
suit that is the subject of this appeal.  

            The
trial court granted a partial summary judgment that Perez take nothing on his
disability claim.  The remaining claims were tried to the court.  At the
conclusion of the trial, the trial court signed a take-nothing judgment in
favor of the District.  

            Perez has raised
two issues in this appeal.[1] 
First he asserts that the trial court improperly excluded testimony necessary
to establish his discrimination claim.  He asserts that certain witnesses
offered “impeachable” testimony that was contradicted by previous discovery
filed in the case.  He also complains that the trial court made significant
evidentiary errors in excluding key witnesses and permitting inadmissible
hearsay.  

II.  Preservation of Error and Standard of Review

To
preserve error for appellate review, the Texas Rules of Appellate Procedure
require parties to make timely and specific objections at the earliest possible
opportunity to preserve complaints that relate to a trial court’s admission of
evidence during a trial.  Tex. R. App. P. 33.1; Schwartz v. Forest Pharm.,
Inc., 127 S.W.3d 118, 123-24 (Tex. App.—Houston [1st Dist.] 2003, pet.
denied) (failing to timely object to testimony about the plaintiff’s litigious
character waived right to complain on appeal of the trial court’s admission of
the testimony).  The complaining party waives error in the admission of
evidence if it allows the evidence to be introduced during the trial without
objection.  Bay Area Healthcare Group, Ltd. v. McShane, 239 S.W .3d 231,
235 (Tex. 2007) (per curiam).  If the complaint is that evidence has been
improperly excluded, to adequately and effectively preserve error, an offer of
proof must show the nature of the evidence specifically enough so that the
reviewing court can determine its admissibility.  In re N.R.C., 94
S.W.3d 799, 806 (Tex. App. —Houston [14th Dist.] 2002, pet. denied).[2]

We review the trial court’s
rulings concerning the admission or exclusion of evidence for an abuse of
discretion.  In re J.P.B ., 189 S.W.3d 570, 575 (Tex. 2005).  An abuse
of discretion occurs only when the court’s decision is made without reference
to any guiding rules and principles or is arbitrary or unreasonable.  Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).  We must
uphold the trial court’s evidentiary ruling if there is any legitimate basis
for it.  Owens-Corning Fiberglas Corp. v. Malone, 972 S.W.2d 35, 43
(Tex. 1998).  

For the admission or exclusion of evidence to constitute
reversible error, the complaining party must show that the error probably
resulted in an improper judgment.  See Tex. R. App. P. 44.1; City of
Brownsville v. Alvarado, 897 S.W.2d 750, 753 (Tex. 1995).  Thus, a successful
challenge to a trial court’s evidentiary rulings requires the complaining party
to demonstrate that the judgment turns on the particular evidence excluded or
admitted.  Nissan Motor Co. v. Armstrong, 145 S.W.3d 131, 144 (Tex. 2004). 
In making this determination, we review the entire record.  Reliance Steel
& Aluminum Co. v. Sevcik, 267 S.W.3d 867, 871 (Tex. 2008).

III.  The Record 

This appeal is before the court without a reporter’s
record from the bench trial.  The reporter’s record in this case was originally
due March 8, 2010.  Perez requested and was granted an extension of time to
file the record.  On May 17, 2010, the official court reporter advised this
court that Perez had not made arrangements to pay for preparation of the
record.  On May19, 2010, this court notified Perez that the reporter’s record
had not been filed, and that, unless he made arrangements to pay for the record,
this court would consider and decide only those issues not requiring a
reporter’s record.  See Tex. R. App. P. 37.3(c).  Perez again requested
and was granted additional time to pay for the record, but the record was not
filed.  On July 28, 2010, Perez requested preparation of a partial reporter’s
record.  In response to another notice from the court reporter that payment had
not been made, the court again advised Perez that unless he made arrangements
to pay for the record by September 13, 2010, this court would consider and
decide only those issues not requiring a reporter’s record.  When Perez did not
provide proof of payment, the court ordered him to file his brief.  Perez then
filed an original brief and an amended brief.[3] 





 

IV.  Analysis

Both of Perez’s issues
concern evidentiary rulings by the trial court during the bench trial.[4] 
Thus, they require reference to the evidence admitted at trial and the trial
court’s rulings thereon.  Perez failed to file a reporter’s record from the
bench trial, however.  Unless an appellant arranges for the filing of a
complete reporter’s record (or partial reporter’s record and accompanying
statement of issues),[5]
we must presume that the proceedings support the trial court’s judgment.  See
Bennett v. Cochran, 96 S.W.3d 227, 229 (Tex.2002); Sam Houston Hotel,
L.P. v. Mockingbird Restaurant, Inc., 191 S.W.3d 720, 721 (Tex.
App.—Houston [14th Dist.] 2006, no pet.).  Because we have no record of what
that evidence at trial was, we have no basis to review the trial court’s
decisions based on that evidence.  Sam Houston Hotel, 191 S.W.3d at
721.  

Because Perez did not
elect to file a reporter’s record, his issues challenging the trial court’s
decisions based on the proceedings at trial afford no basis for relief.  This
court cannot review claims regarding trial testimony in the absence of a
reporter's record.  Mansell v. Villa Del Rey Realty, Inc., No.
14-01-01114-CV, 2003 WL 1088447, * 1 (Tex. App.—Houston [14th Dist.] 2003, no
pet.) (mem. op.).  Without a reporter’s record, an appellate court cannot determine
whether error was properly preserved.[6] 
Moreover, in the absence of a reporter’s record, we cannot review a trial
court’s order for an abuse of discretion.  See Willms v. Americas Tire Co, 190
S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied).  

In addition, because there
is no transcription of the trial testimony, most of the factual assertions in
Perez’s brief are not supported by the record.  See Tex. R. App. P.
38.1(g), (i).  We also may not consider the documents that Perez attached as an
appendix to his brief.  See Mitchison v. Houston Indep. Sch. Dist., 803
S.W.2d 769, 771 (Tex. App.—Houston [14th Dist.] 1991, writ denied) (holding
that an appellate court cannot consider documents attached to briefs that do
not appear in the appellate record).  

Perez’s appeal presents
nothing for review.  Accordingly, Perez’s issues are overruled.  The judgment
of the trial court is affirmed.

 

 

                                                                        PER
CURIAM

 

 

 

Panel consists of Justices Anderson, Seymore and McCally.

 









[1] 
Perez has not presented an issue challenging the partial summary judgment on
his disability claim.  He mentioned his objection to the District’s summary
judgment evidence, but the objections and any ruling thereon are not part of
our record.





[2] 
We recognize that Perez represented himself pro
se in the trial court proceedings, and he also does so on appeal.  Nevertheless,
Texas law requires that pro se litigants be held to the same standard as
licensed attorneys and comply with all applicable rules of procedure.  Canton-Carter
v. Baylor College of Med., 271 S.W.3d 928, 930 (Tex. App.—Houston [14th
Dist.] 2008, no pet.).  





[3] 
In an additional document entitled “Amended Brief of Appellant,” Perez added a
complaint that he was improperly denied a jury trial.   Perez has not
demonstrated that he preserved this complaint for our review, and he has not
supported  his complaint with any authority.





[4] 
Included in Perez’s complaints about the admission of evidence are challenges
to the credibility of the testimony from the District’s witnesses, who he
claims were biased.   We are unable to
review a challenge to the credibility of witnesses.  See Maritime Overseas
Corp. v. Ellis, 971 S.W.2d 402, 406-07 (Tex. 1998) (explaining that
appellate court may not pass upon a witness’s credibility or substitute its
judgment for that of the fact-finder).





[5]
See Tex. R. App. P. 34.6(c).





[6] 
Perez makes reference to a motion in limine, which is not part of our
record.  Furthermore, a trial court’s ruling on a motion in limine is
not a final ruling on the evidence and preserves no error for appellate
review.  Ulogo v. Villanueva, 177 S.W.3d 496, 500 -01 (Tex. App.—Houston
[1st Dist.] 2005, no pet.).