Affirmed and Memorandum Opinion filed June 30, 2011.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-10-00701-CV



 

Chiemenam Amaechi, Appellant

V.

Susan Babich, Appellee

 



On Appeal from the County Civil
Court at Law No. 1

Harris County, Texas

Trial Court Cause No. 951819



 

MEMORANDUM  OPINION

 

Appellant Chiemenam Amaechi appeals from a judgment
entered in County Court in an appeal from Small Claims Court.  In two issues
appellant contends the evidence is insufficient to prove appellee’s claim of
injury or the amount of damages.  We affirm.

Factual and
Procedural Background

Appellee Susan Babich filed suit in Small Claims
Court alleging that appellant damaged a motorcycle owned by her when appellant
failed to stop for a red light and collided with the motorcycle.  On November
3, 2009, the Small Claims Court entered a default judgment in appellee’s favor
in the amount of $10,000.  Appellant timely appealed to the County Court at
Law.  See Tex. Gov’t Code Ann. § 28.053.  On July 12, 2010, the County
Court at Law entered judgment in favor of appellee in the amount of $10,000.  Appellant
appeals the county court judgment.  

Analysis

In her brief, appellant challenges
the county court’s judgment as follows:

1. The Appellant posits that Appellee is without direct
experiential knowledge of collision event sufficient to form an opinion as to
the truth or accuracy of the allegations contained in original claim and based
on that denies, generally, the monetary claim contained herein and demands strict
proof.

2. The Appellant generally denies legitimacy and
sustainability of Appellee’s entire claim due to the excessive amount of time
that has passed since the event.

3. The Appellant denies the Appellee’s account of described
event as Appellee was not present during event.

4. The Appellant denies Appellee’s assertion that Appellant
was an “unqualified and reckless” driver.

5. The Appellant generally denies full actions leading to
the “proximate cause of . . . damages” to motorcycle.

 

Appellant failed to file a reporter’s record from the
bench trial in county court.  Unless an appellant arranges for the filing of a
complete reporter’s record (or partial reporter’s record and accompanying
statement of issues),[1]
we must presume that the proceedings support the trial court’s judgment.  See
Bennett v. Cochran, 96 S.W.3d 227, 229 (Tex. 2002); Sam Houston Hotel,
L.P. v. Mockingbird Restaurant, Inc., 191 S.W.3d 720, 721 (Tex.
App.—Houston [14th Dist.] 2006, no pet.).  On February 17, 2011, this court
received correspondence from the official court reporter of County Civil Court
at Law No. 1 in which she informed the court that no record was requested at
the time of trial; therefore no record exists.  Appellant’s issues in this case
require reference to the evidence and testimony that was admitted at trial.  Because
we have no record of what that evidence consisted of, we have no basis to
review the trial court’s decisions based on that evidence.

Because appellant did not object to the failure of
the court reporter to make a record, her issues challenging the trial court’s
decisions based on the proceedings at trial afford no basis for relief.  See
Electronic Bankcard Sys., Inc. v. Retriever Indus., Inc., No. 04-00452-CV,
2005 WL 3435294, at *2 (Tex. App.—Houston [14th Dist.] December 15, 2005, no
pet.) (memo. op.) (complaining party must object to failure to make a record to
preserve error.).  Accordingly, the issues are overruled.

            The judgment of the trial court
is affirmed.

 

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices Anderson, Brown, and Christopher.

 









[1]
See Tex. R. App. P. 34.6(c).