Reversed and Remanded and Memorandum Opinion filed August 23, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00155-CV

___________________

 

James Craig Guetersloh,
Appellant

 

V.

 

Harris County Appraisal District,
Appellee



 



 

On
Appeal from the 151st District Court

Harris County,
Texas



Trial Court Cause No. 2009-47080

 



 

 

MEMORANDUM OPINION

Pro se appellant, James Craig Guetersloh,
appeals dismissal of his case for failure to comply with statutory requirements
of Texas Tax Code section 42.08.  Tex. Tax Code Ann. § 42.08 (West 2010).  He presents
seven points of error for our review.  We reverse and remand for further
proceedings.

FACTUAL AND
PROCEDURAL BACKGROUND

Appellant protested the
2009 tax valuation for his real property.  On July 24, 2009, appellant appealed
the tax valuation to the trial court after losing an administrative review.  In
September 2009, the trial court docketed the case for trial on April 19, 2010. 
On December 2, 2009, appellant filed a motion entitled “Plaintiff’s Motion to
Extend Time” with the trial court, which requested an extension of time to pay
the property taxes on the real property.  Appellant also signed an affidavit
claiming he was unable to pay the property taxes by the February 1, 2010 due
date and provided an explanation of his belief that he could not make timely
payment.  Appellant sought this extension because he was either required to
obtain an extension or pay the undisputed or full amount of his tax by February
1, 2010.  Id. at §§ 31.02, 42.08(b), (d).  If neither of these
conditions were met, appellant would “forfeit[] the right to proceed to a final
determination of the appeal [of the valuation].”  Id. at § 42.08(b).

A hearing on the “Plaintiff’s
Motion to Extend Time” was held on January 4, 2010. Appellant did not file the
record of the hearing for our review.  Based upon the facts in evidence, we
presume that the trial court requested HCAD provide a written response to the “Plaintiff’s
Motion to Extend Time,” which HCAD submitted on January 5, 2010.  HCAD, in
response, argued that appellant failed to provide the mandatory 45-day notice of
the hearing to the taxing authorities.  See id. at § 42.08(e).  HCAD
contends appellant did not substantially comply with the requirements to obtain
a hearing by failing to give the forty-five day notice; therefore, appellant
was statutorily barred from receiving a hearing to determine whether his oath
of inability to pay was meritorious. Id. at § 42.08(d), (e).  HCAD
further argued appellant was not entitled to a hearing because the trial court
was required to dismiss the case after determining that the property owner
“must pay taxes on the property subject to the appeal . . . prior to the
delinquency date or the property owner forfeits the right to proceed to a final
determination of the appeal.”  Id. at § 42.08(b).

On January 15, 2010,
the trial court denied appellant’s “Plaintiff’s Motion to Extend Time” because
appellant “did not substantially comply with the requirements of section 42.08
of the Texas Property Tax Code.”  It also dismissed the appeal..  

ANALYSIS

Appellant presents seven points of error, which we
consolidate as follows:

1.     
Did the Trial Court Err By
Dismissing Appellant’s Appeal Prior to the Time the Taxes Became Delinquent?

2.     
Did the Trial Court Err by Accepting HCAD’s January 5, 2010
Response to Appellant’s Motion to Extend Time?

3.     
Did the Trial Court Err by Dismissing Appellant’s Cause of Action
Based upon Texas Tax Code Section 42.08(e)?

4.     
Did the Trial Court Violate Appellant’s Due Process Rights by Not
Providing Appellant with Notice of a Separate Hearing on Substantial
Compliance?

I.                  
 Standard of Review

We review de novo issues of statutory
construction.  City of San Antonio v. Boerne, 111 S.W.3d 22, 25 (Tex.
2003).  

Appellant failed to file a reporter’s record in this
court, so we presume proceedings below support the trial court’s factual
determinations.  Sam Houston Hotel, L.P. v. Mockingbird Rest., Inc., 191
S.W.3d 720, 721 (Tex. App.—Houston [14th Dist.] 2006, no pet.).   It is
therefore implied that the trial court made all the findings necessary to
support its judgment.  See Worford v. Stamper, 801 S.W.2d 108, 109 (Tex.
1990).  When determining whether some evidence supports the judgment and the
implied findings of fact, it is proper to consider only that evidence most
favorable to the trial court’s judgment and disregard entirely that which is
opposed to it or contradictory in its nature.  Id.  The judgment must be
affirmed if it can be upheld on any legal theory that finds support in the
evidence.  Id.  

II.              
Did the Trial Court Err in Dismissing Appellant’s Appeal Prior to
the Time the Taxes Became Delinquent?

Appellant argues that the trial court incorrectly
dismissed his appeal based upon his non-compliance with subsection 42.08(e) and
did not consider whether appellant complied with any other provision of section
42.08.  The taxes on appellant’s property were due prior to February 1, 2010.  Id.
at § 31.02.  The trial court denied appellant’s motion for an extension of time
to pay the taxes on January 15, 2010.  

The trial court contemporaneously dismissed
appellant’s property tax appeal  on January 15, 2010 for failure to comply with
subsection 42.08.  However, at the time the trial court dismissed appellant's
appeal, the taxes on appellant's property were not yet due.  Appellant could be
in compliance with the statutory requirements to continue appealing the
property tax valuation by either: (1) obtaining an extension of time to pay
taxes pending the appeal; or (2) by paying the undisputed portion of the taxes
or the full assessed amount of taxes prior to them becoming delinquent or by
otherwise bringing himself into compliance with the statute.  Id. at § 42.08(b),
(d).  

At the time of dismissal of the property tax appeal,
appellant still had approximately two weeks to pay the undisputed or full
amount of the taxes before delinquency occurred.  Id. at § 42.08(b).  He
also could have urged a motion for rehearing for an extension of time.  The
trial court erred by dismissing appellant’s tax valuation appeal prior to the
delinquency date.  

We reverse the dismissal of the appeal of appellant’s
property tax appeal and remand this case for further proceedings. 
Consequently, it is unnecessary for us to address appellant’s other points of
error.  Tex. R. App. P. 47.1.

CONCLUSION

We reverse the dismissal of appellant’s appeal of his
property tax valuation and remand to the trial court for proceedings in
accordance with this opinion.  

 

                                                                                    

                                                                        /s/        Justice
Anderson

 

 

 

Panel consists of Justices
Anderson, Seymore, and McCally.