**Affirmed and Memorandum Opinion filed December 8, 2011.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-10-01016-CV

---

### SYLVIA BRAZLE, Appellant

### V.

### MEADOWS ON THE MEWS OWNERS ASSOCIATION AND GENESIS COMMUNITY MANAGEMENT, INC., Appellees

---

### On Appeal from the County Civil Court at Law No. 1
### Harris County, Texas
### Trial Court Cause No. 966234

---

## M E M O R A N D U M   O P I N I O N

Appellant Sylvia Brazle appeals from a judgment finding probable cause to tow her vehicle. In four issues, appellant contends (1) the sole purpose of the tenant requirement to register a vehicle is to aid in determining if a vehicle on the property is abandoned or owned by a tenant, (2) the vehicle was towed contrary to signs at the entrance to the parking area, (3) appellant is a victim of trespass and conversion, and (4) the court erred in rendering judgment in favor of appellees. We affirm.

### Factual and Procedural Background

On May 17, 2010, appellant's vehicle was towed from the parking lot of her condominium complex because she violated parking regulations by not having up-to-date

registration displayed on the vehicle. Pursuant to chapter 2308 of the Texas Occupations Code, appellant filed a request for a tow hearing in justice court in Harris County. *See* Tex. Occ. Code Ann. § 2308.452. ("The owner or operator of a vehicle that has been removed and placed in a vehicle storage facility or booted without the consent of the owner or operator of the vehicle is entitled to a hearing on whether probable cause existed for the removal and placement or booting."). At such a hearing, the burden of proof is on the person who requested the hearing. Tex. Occ. Code Ann. § 2308.458(b-1). The issues to be determined in the hearing are whether probable cause existed for removal and placement of the vehicle, and whether a towing charge imposed or collected in connection with removal or placement of the vehicle was greater than the amount authorized by the statute. Tex. Occ. Code Ann. § 2308.458(c). The justice court held a hearing and filed findings of fact and conclusions of law in which it found that the towing company had probable cause to remove and store appellant's vehicle.

Appellant appealed the justice court's decision to the County Civil Court at Law where, according to its judgment, the county court called the case for trial. The county court, "having heard the evidence and arguments of the parties," found probable cause for the towing of appellant's vehicle and rendered judgment for appellees. This appeal followed.

**Analysis**

In her brief, appellant challenges the county court's judgment as follows:

Issue 1: Is not the sole purpose of the tenant requirement to register a vehicle at the Genesis office, to aid in determining if a vehicle on the property is abandoned or not one of a tenant living on property when towing is enforced?

Issue 2: The vehicle has been towed contrary to signs at the entrance to the Appellant's parking area.

Issue 3: The Appellant is a victim of trespass and conversion.

Issue 4: Did the court err in rendering judgment in favor of the Appellees though the Appellant included in the record statues [sic] related to the case?

Appellant failed to file a reporter's record from the trial de novo in the county court. Unless an appellant arranges for the filing of a complete reporter's record (or partial reporter's record and accompanying statement of issues),[1] we must presume that the proceedings support the trial court's judgment. *See Bennett v. Cochran*, 96 S.W.3d 227, 229 (Tex. 2002); *Sam Houston Hotel, L.P. v. Mockingbird Restaurant, Inc.*, 191 S.W.3d 720, 721 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

On November 15, 2010, this court received correspondence from the official court reporter of County Civil Court at Law No. 1 in which she informed the court that no record was requested at the time of trial; therefore, no record exists. Appellant's issues in this case require reference to the evidence and testimony that was admitted at trial. Because we have no record of what that evidence consisted of, we have no basis to review the trial court's decisions based on that evidence.

The judgment reflects that appellant participated in the trial. Because there is no indication in the record that appellant objected to the failure of the court reporter to make a record, her issues challenging the trial court's decisions based on the proceedings at trial afford no basis for relief. *See Electronic Bankcard Sys., Inc. v. Retriever Indus., Inc.*, No. 04-00452-CV, 2005 WL 3435294, at *2 (Tex. App.—Houston [14th Dist.] Dec. 15, 2005, no pet.) (memo. op.) (complaining party must object to failure to make a record to preserve error.). Accordingly, the issues are overruled.

The judgment of the trial court is affirmed.

PER CURIAM

Panel consists of Justices Frost, Seymore, and Jamison.

---

[1] *See* Tex. R. App. P. 34.6(c)