

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00125-CV

CHRISTOPHER EDOMWANDE                                APPELLANT

V.

JULIO GAZA & SANDRA F. GAZA                         APPELLEES

----------

FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Christopher Edomwande sued Appellees Julio Gaza and Sandra F. Gaza for injuries Edomwande sustained in a car accident in 2008. Edomwande filed suit in Dallas County and later agreed to transfer the case to Tarrant County.

---

[1]See Tex. R. App. P. 47.4.

On August 27, 2012, the case was called to a jury trial with Edomwande present. Immediately prior to the commencement of trial, the trial court conducted a pretrial conference. During the pretrial conference, the trial court granted the Gazas's motion in limine, requesting that Edomwande not be allowed to call witnesses or offer evidence not disclosed to the Gazas in response to their discovery requests. Edomwande had failed to disclose any witnesses or evidence that would support a verdict in his favor. Accordingly, the trial court signed a final judgment that Edomwande take nothing from the Gazas.

Edomwande, who acted pro se in the trial court and is appearing pro se[2] on appeal, raises nine issues in his appellate brief.[3] The court reporter notified

---

[2]Edomwande contends that he should be allowed leeway because he is representing himself pro se, but the Texas Supreme Court has reiterated on numerous occasions that pro se litigants are not exempt from the rules of procedure. *See Pena v. McDowell*, 201 S.W.3d 665, 667 (Tex. 2006); *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005); *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978).

[3]Edomwande's brief sets forth the following issues:

(1). Are there any merit[orious] facts/issues in the case that the Court failed to address before erroneously dismissing plaintiff['s] case. The answer is yes.

(2). Has the lower Court err[ed] by den[ying] [] plaintiff['s] motion or right to appeal by ruling that the plaintiff failed to give notice of appeal or she could not find a copy of such notice on file. The answer is yes[.]

(3). Has the defense Lawyer and the court err[ed] by fail[ing] to follow legal guideline[s] or tr[ia]l ethic[s] by engaging in a tr[ia]l [by] ambush[,] and by granting undue privilege to the defense counsel[]. The answer to the question is Yes.

2

this court that no official record of the trial court proceedings was requested or taken.

Texas Rule of Civil Procedure 193.6 provides that a party who fails to make, amend, or supplement a discovery response in a timely manner may not introduce in evidence the material or information that was not timely disclosed, or offer the testimony of a witness—other than a named party—who was not timely identified unless the court makes a finding that (1) there was good cause for the

---

(4). It is an acceptable legal practice to Ambush an opponent (plaintiff or defendant) by failure to comply with the rule[s] of discovery and to deliberately withhold telling the plaintiff that the discovery request[s] were not received or at the worst file a motion to sanction o[r] compel discovery. The answer is No.

(5). Did the Judge and the lower Court err[ ] by refusing to grant the plaintiff his oral motion for a leave of the court or grant a recess or a continuance of the case to enable the plaintiff [to] provide an[y] evidence that the discovery request was sent to defense lawyer. The answer is yes.

(6). Did the lower Court and the Judge err[] when she failed to grant plaintiff his pleading when the defense lawyer failed to appear at a scheduled trial when he was duly served. The answer is yes.

(7). Did the lower Court err[] by failing to reprimand the defense lawyer for his numerous [tardi]ness by granting judicial favor or leeway. The answer is yes.

(8). Does the Lower Court action bar[] plaintiff from having his day in Court, the rights granted to every citizen of this great nation by virtue [of] the constitution? [] [T]he answer is yes.

(9). Did the lower Court action deprive the plaintiff [of] the right to fair and equitable justice knowing that the statu[t]e has run and the plaintiff cannot re-plead his claim. Answer is Yes.

3

failure to timely make, amend, or supplement the discovery response or (2) the failure to timely make, amend, or supplement the discovery response will not unfairly surprise or prejudice the other party. Tex. R. Civ. P. 193.6(a). The rule is mandatory, and the penalty—exclusion of evidence—is automatic, absent a showing of good cause, lack of unfair surprise, or lack of unfair prejudice. *Good v. Baker*, 339 S.W.3d 260, 271 (Tex. App.—Texarkana 2011, pet. denied). The burden of establishing good cause or lack of unfair surprise or unfair prejudice was on Edomwande. *See* Tex. R. Civ. P. 193.6(b). Here, there is nothing in the clerk's record showing that Edomwande carried his burden to compel the trial court to make one of the required findings under rule 193.6, and without a required finding under rule 193.6, the trial court properly excluded all of Edomwande's evidence. *See* Tex. R. Civ. P. 193.6; *O'Dell v. Wright*, 320 S.W.3d 505, 511–12 (Tex. App.—Fort Worth 2010, pet. denied) (holding that appellant did not establish his burden that there was good cause for the failure to timely disclose witness or prove that his failure to disclose her as a witness would not have surprised or prejudiced appellee). We overrule Edomwande's first issue.

In his second issue, Edomwande argues that he was denied his right to appeal. We overrule his second issue as moot, as evidenced by this appeal.

In his fifth issue, Edomwande argues that the trial court erred by refusing to grant his oral motion for a continuance. Edomwande's motion was not in writing, and the record does not show that it was supported by an affidavit, as required by Texas Rule of Civil Procedure 251. *See* Tex. R. Civ. P. 251. We

4

hold that Edomwande's oral motion for continuance did not preserve error, and also that in any event, the trial court did not abuse its discretion by denying the oral motion for continuance. *See, e.g.*, *Dempsey v. Dempsey*, 227 S.W.3d 771, 776 (Tex. App.—El Paso 2005, no pet.) (stating that because motion for continuance was not in writing and was not in compliance with Texas Rule of Civil Procedure 251, the oral request for a continuance did not preserve error). We overrule Edomwande's fifth issue.

In his sixth issue, Edomwande argues that the trial court erred by failing to grant his motion for default judgment when defense counsel failed to appear at a default hearing. The clerk's record contains a motion for default judgment filed by Edomwande in Dallas County Court at Law Number 2 on August 16, 2010, but the certificate of service and the fiat are not completed. The Gazas filed an answer on that same date. They were therefore entitled to notice of any default hearing. *See LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390, 390–91 (Tex. 1989) (stating that once a defendant has made an appearance in a cause, he is entitled to notice of the trial setting as a matter of due process). Because we have no reporter's record from any hearings and because we are required to presume that the proceedings conducted in the trial court support the trial court's judgment, we hold that the trial court did not abuse its discretion by failing to grant Edomwande's motion for default judgment when the Gazas had filed an answer and had not received notice of the hearing on Edomwande's motion for default judgment. *See Mays v. Pierce*, 154 Tex. 487, 493, 281 S.W.2d 79, 82

(1955) (stating that in the absence of a reporter's record, we must presume that the proceedings support the trial court's judgment); *Sam Houston Hotel, L.P. v. Mockingbird Rest., Inc.*, 191 S.W.3d 720, 721 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (same). We therefore overrule Edomwande's sixth issue.

We hold that the remainder of Edomwande's issues—his third, fourth, seventh, eighth, and ninth issues—are waived as inadequately briefed because he cites no authority, other than generally invoking Texas Rule of Civil Procedure 329b(g) and Texas Rule of Appellate Procedure 26.1(a), to support his arguments.[4] *See* Tex. R. App. P. 38.1; *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (observing that error may be waived by inadequate briefing).

Having overruled all of Edomwande's issues, we affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED: November 27, 2013

---

[4]After we received Edomwande's initial brief, we sent him a brief correction letter, noting each of the ways in which his initial brief was deficient and allowing him to amend his brief. We received an amended brief, but it still failed to include citations to legal authorities to support his arguments.

6