

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00849-CV

**IN THE INTEREST OF N.M.D., R.I.D., AND G.T.D.**, Children

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CI-06895
The Honorable Richard E. Price, Judge Presiding[1]

Opinion by:     Catherine Stone, Chief Justice

Sitting:         Catherine Stone, Chief Justice
                 Karen Angelini, Justice
                 Sandee Bryan Marion, Justice

Delivered and Filed:  July 9, 2014

AFFIRMED

Skye Dicker appeals the trial court's order modifying the amount of his child support payment. After finding that Dicker was intentionally underemployed, the trial court increased the child support payment. We affirm the trial court's order.

## BACKGROUND

Skye and Diana Dicker were divorced in 2008. The divorce decree named Diana as primary joint managing conservator of their three children, N.M.D., R.I.D., and G.T.D. and ordered Skye to pay $850 per month in child support. On August 15, 2013, the Texas Attorney General petitioned to modify the child support order, seeking to increase the monthly payment to

---

[1] Associate Judge James Rausch entered the orders modifying child support and denying the motion for new trial.

$1,024. An associate judge conducted a hearing on September 5, 2013. After the hearing, the associate judge found:

> [Skye] is intentionally underemployed due to his voluntary termination of his job with South Texas Pizza Inc. in August 2013. Accordingly, the Court calculated gross income from both of his jobs at SAISD and South Texas Pizza Inc.

The associate judge then modified the monthly child support payment to $1,012 per month. Skye's petition for a *de novo* review in the district court was denied as untimely filed, and the associate judge denied Skye's motion for a new trial. Thereafter, Skye perfected this appeal of the modification order.

### STANDARD OF REVIEW

A trial court may modify a child support order when there has been a material and substantial change in circumstances. TEX. FAM. CODE ANN. § 156.401(a)(1) (West 2014). We review the trial court's order for an abuse of discretion, reversing the order only if "the complaining party shows that the order constituted a clear abuse of discretion." *In re J.A.J.*, 283 S.W.3d 495, 497 (Tex. App.—Beaumont 2009, no pet.). A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to guiding rules or principles. *Id.* Determining whether the trial court abused its discretion by basing its decision on insufficient evidence requires us to consider: (1) whether the trial court had sufficient evidence upon which to exercise its discretion; and (2) whether the trial court erred in its application of that discretion. *In re J.M.C.*, 395 S.W.3d 839, 844 (Tex. App.—Tyler 2013, no pet.). "The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985).

When reviewing evidentiary sufficiency, we view the evidence in the light most favorable to the trial court's actions, indulging every presumption in favor of the judgment. *In re J.D.D.*,

242 S.W.3d 916, 920 (Tex. App.—Dallas 2008, pet. denied). A trial court does not abuse its discretion as long as there is "some evidence of a substantive and probative character to support the decision." *Nordstrom v. Nordstrom*, 965 S.W.2d 575, 578 (Tex. App.—Houston [1st Dist.] 1997, pet. denied).

## DISCUSSION

We begin by noting that the appellate record does not contain a reporter's record from the September 5, 2013 hearing or the subsequent hearing on Skye's motion for new trial. The record also contains no indication that Skye requested the reporter's record from those hearings. The party who complains on appeal that a trial court abused its discretion has the burden "to bring forth a record showing such abuse." *Simon v. York Crane & Rigging Co., Inc.*, 739 S.W.2d 793, 795 (Tex. 1987). "[W]ithout a reporter's record, an appellate court cannot review a trial court's order for an abuse of discretion." *Willms v. Americas Tire Co., Inc.*, 190 S.W.3d 796, 803 (Tex. App.— Dallas, 2006, pet. denied). In the absence of a reporter's record, we must presume that the evidence adduced during the proceedings support the trial court's findings. *Id.*; *Sam Houston Hotel, L.P. v. Mockingbird Restaurant, Inc.*, 191 S.W.3d 720, 721 (Tex. App.—Houston [14th Dist.] 2006, no pet.). In accord with this presumption, we hold that the trial court did not abuse its discretion in modifying the child support order.

We note that Skye has represented himself throughout all proceedings in this case. We also note that no appellee's brief has been filed. Even if we take as true the factual assertions in Skye's brief, we still hold that the trial court did not abuse its discretion. Skye contends that the trial court abused its discretion when it considered income from a second job in determining that there had been a material change in circumstances and in calculating his net resources. In his brief, Skye explains that he is primarily employed as a public school teacher and suggests that he obtained secondary employment delivering pizzas during his summer break from teaching. Skye

explains that the second job "is used as a cushion financially and is not a regular or constant job." Skye also challenges the trial court's finding that he is intentionally underemployed because he resigned from his second job in August 2013. Skye explains that he did not resign in an effort to avoid an increase in child support, but rather because he was returning to work as a full-time teacher at the end of the summer beak. Skye further argues that the trial court's order essentially forces him to maintain secondary employment—which jeopardizes his primary job—and is therefore not in the best interest of the children.

In calculating a child support payment, the trial court must first determine the obligor's net resources, which includes current wage and salary earnings from all sources. *See* TEX. FAM. CODE ANN. § 154.062(b) (West 2014); *Knight v. Knight*, 131 S.W.3d 535, 540 (Tex. App.—El Paso 2004, no pet.). Additionally, "[a] parent's duty to support their child is not limited to the parent's ability to pay from current earnings, but also extends to the parent's ability to pay from any and all sources that might be available." *In re S.M.B.*, No. 04-10-00115-CV, 2011 WL 2238222, at*3 (Tex. App.—San Antonio Jun. 8, 2011, no pet.) (mem. op.). "If a trial court finds that a parent is underemployed, then the court can assess support based upon the parent's earning potential, not merely on the parent's actual earnings." *Tucker v. Tucker*, 908 S.W.2d 530, 535 (Tex. App.—San Antonio 1995, writ denied); *see* TEX. FAM. CODE ANN. § 154.066 (West 2014). Further, when a parent is intentionally underemployed, the law does not require "proof of the motive or purpose behind the . . . underemployment." *Iliff v. Iliff*, 339 S.W.3d 74, 80 (Tex. 2011) (disapproving of *DuBois v. DuBois*, 956 S.W.2d 607 (Tex. App.—Tyler 1997, no pet.) and other intermediate appellate court decisions that required proof that intentional underemployment was motivated by an intent to avoid child support). Thus, proof that an obligor has become or remains underemployed in an attempt to avoid his child support obligation, though not required, may be considered by the trial court in making its determination. *Id.* at 81. Finally, it is within the trial

court's discretion whether to consider a parent's earning potential in determining the amount of a child support payment. *Id.*

Based solely on Skye's contentions, we conclude the trial court did not abuse its discretion in determining that he was intentionally underemployed. The trial court was in the best position to weigh the testimony and evidence in light of Skye's history of part-time employment and the circumstances surrounding his resignation. As the fact-finder, it was within the trial court's province to weigh the credibility of all the testimony and evidence in making its determination. *Id.* (citing *Murff v. Murff*, 615 S.W.2d 696, 700 (Tex. 1981) (in resolving issues within its discretion, the trial court is "empowered to use its legal knowledge and its human understanding and experience."). In light of the governing law, and based solely on Skye's factual assertions, there is nothing to suggest that the trial court abused its discretion.

## CONCLUSION

The trial court's order is affirmed.

Catherine Stone, Chief Justice