

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00558-CV

George **RODRIGUEZ** Jr.,
Appellant

v.

Luciano **GONZALES** Jr.,
Appellee

From the County Court, Frio County, Texas
Trial Court No. 0168
Honorable Rochelle Camacho, Judge Presiding

Opinion by: Adrian A. Spears II, Justice

Sitting: Rebeca C. Martinez, Chief Justice
Irene Rios, Justice
Adrian A. Spears II, Justice

Delivered and Filed: August 27, 2025

AFFIRMED

Appellant George Rodriguez Jr. appeals from the trial court's judgment that awarded Appellee Luciano Gonzales Jr. the right to possession of the premises in question, and ordered Rodriguez to be evicted and pay back rent. Rodriguez brings four issues on appeal. He first argues that the trial court erred in not taking into consideration evidence that the premises "was not rental or leased property" and that Rodriguez "was making monthly installment[s] of $500 toward property and paying $100 towards insurance and $100 towards taxes." Second, Rodriguez argues

that Gonzales did not prove that a landlord-tenant relationship existed. According to Rodriguez, because there was no evidence of a lease or rental agreement, Gonzales had no right to evict him. Third, Rodriguez argues he provided evidence "of receipts and of agreement of repair of roof for payment towards the property" and that Gonzales "breached the contract by not performing to the agreement." Fourth, Rodriguez argues he "was never given notice of default" in conformity with section 5.064 of the Property Code, which relates to sellers and buyers in contracts for conveyances. Fifth, he argues that under the Insurance Code, as a buyer, he had the right to withhold a portion of the purchase price if repairs were not completed according to the agreement. According to Rodriguez, he "did just that" and presented evidence to the trial court.

The clerk's record reflects that Gonzales filed a petition to evict Rodriguez from the premises in Justice Court, Precinct No. 2, Frio County, Texas. The justice court's judgment reflects that the parties appeared in person and the case was tried to the bench. The justice court found in favor of Gonzales, awarded Gonzales possession of the premises, evicted Rodriguez, and ordered Rodriguez to pay back rent in the amount of $2,400. Rodriguez then appealed to the county court. The clerk's record further reflects that on August 16, 2024, the county court signed a judgment. The county court's judgment reflects that the parties appeared in person and that the case was tried to the bench. The county court's judgment awarded Gonzales possession of the premises and ordered Rodriguez to be evicted. Like the justice court, the county court ordered Rodriguez to pay back rent in the amount of $2,400.

No court reporter was present at the bench trial before the county court.[1] Thus, there is no reporter's record of the bench trial. Section 52.046 of the Texas Government Code provides that "[o]n request," a court reporter shall transcribe or record all court sessions. *See* TEX. GOV'T CODE

---

[1] The trial court clerk informed this court that no court reporter was present at trial and explained that because Frio County is a small county, parties must request a court reporter to be present in advance of a trial setting.

§ 52.046. Texas Rule of Appellate Procedure 13.1(a) provides that a court reporter shall make a full record of the proceedings, unless excused by agreement of the parties. TEX. R. APP. P. 13.1(a). However, to preserve an issue for appellate review about the failure of the court reporter to transcribe the trial proceedings, an appellant must bring the issue in his brief, and the record must show that the appellant made a timely request, objection, or motion in the trial court and that the appellant obtained an adverse ruling. *See Hampton v. Equity Tr. Co.*, 607 S.W.3d 1, 6 (Tex. App.—Austin 2020, pet. denied) (explaining that Texas Rule of Appellate Procedure 38.1(f) requires an appellant's opening brief to "state concisely all issues or points presented for review" or the issue is waived); *see also* TEX. R. APP. P. 33.1(a) (requiring appellant to timely object and obtain an adverse ruling in order to preserve appellate issue); *Thompson v. City of Mont Belvieu*, No. 14-24-00382-CV, 2025 WL 1692592, at *4 (Tex. App.—Houston [14th Dist.] June 17, 2025, no pet. h.) (explaining that although "there would never be a record of an oral objection in a hearing that was unrecorded, such an objection could still have been made in writing and included in the clerk's record," and holding appellant failed to preserve any complaint about the lack of reporter's record for review because the clerk's record did not reflect appellant brought any objection to the lack of a court reporter to the trial court's attention); *Wells Fargo Bank, N.A. v. Edwards*, No. 04-11-00527-CV, 2012 WL 2021803, at *3 (Tex. App.—San Antonio June 6, 2012, no pet.) (explaining that to preserve an issue that the court reporter did not comply with section 52.046 of the Government Code or with Texas Rule of Appellate Procedure 13.1, "the complaining party must have objected to the reporter's failure to record the hearing").

Here, Rodriguez does not complain in his appellant's brief about the lack of a court reporter recording the trial proceedings. *See* TEX. R. APP. P. 38.1(f); *Hampton*, 607 S.W.3d at 6. Nor does the clerk's record reflect that Rodriguez objected at trial to the lack of a court reporter or otherwise

brought the matter to the trial court's attention. *See* TEX. R. APP. P. 33.1(a); *Thompson*, 2025 WL 1692592, at \*4; *Wells Fargo Bank*, 2012 WL 2021803, at \*3. Thus, Rodriguez has failed to preserve any complaint about the lack of a reporter's record for appellate review. *See Neutze v. Tex. Farmers Ins. Co.*, No. 04-20-00373-CV, 2021 WL 3057508, at \*2 (Tex. App.—San Antonio July 21, 2021, no pet.) (stating that appellant "waived her right to a trial record" because the "record does not reflect an objection by [appellant] to the lack of a record, and [appellant] does not complain over the lack of a record on appeal").

An appellant has the burden to present a record to the appellate court that shows the error about which he complains. *Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see Hiroms v. Scheffey*, 76 S.W.3d 486, 489 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (holding that the court was unable to address the appeal on the merits because appellant had not requested the court reporter to transcribe the trial proceedings). Thus, if a reporter's record is necessary for the appeal but was not filed due to appellant's fault, an appellate court presumes the evidence supports the trial court's judgment. *See Bell v. State*, 659 S.W.3d 21, 24-25 (Tex. App.—El Paso 2021, pet. denied); *Neutze*, 2021 WL 3057508, at \*2; *Sam Houston Hotel, L.P. v. Mockingbird Restaurant, Inc.*, 191 S.W.3d 720, 721 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

All of Rodriguez's issues relate to the sufficiency of the evidence presented at trial. His issues hinge on the evidence at trial showing that he was not a tenant of Gonzalez but was a buyer under a contract for sale. However, because Rodriguez failed to preserve any complaint about the lack of a reporter's record, we must presume the evidence at trial supported the trial court's judgment that Gonzalez was entitled to possession of the premises and that Rodriguez owed back rent in the amount of $2,400. *See Neutze*, 2021 WL 3057508, at \*2 (holding that absent a record

of trial proceedings, the appellate court must presume the evidence before the trial court was adequate to support the trial court's decision); *James v. Houston Hous. Auth.*, No. 14-13-00312-CV, 2014 WL 3555755, at \*3 (Tex. App.—Houston [14th Dist.] July 17, 2014, no pet.) (explaining that because there was no reporter's record, the appellate court must "presume that the proceedings in the trial court support its judgment" and thus "the evidence is sufficient to support the judgment"). Therefore, we affirm the judgment of the trial court.

Adrian A. Spears II, Justice